## LAKE SHORE ELECTRIC RY. CO. v. KURTZ.

(Circuit Court of Appeals, Sixth Circuit.  November 13, 1914.)

No. 2500.

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Evidence considered, in an action by the conductor of an electric car to recover for an injury received by being thrown from the car by reason of its alleged sudden reduction of speed while passing through an open switch, causing the car to lurch, and held to justify the submission of the case to the jury under the statutes of Ohio, making the negligence of a fellow servant that of the employer and adopting the rule of comparative negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. APPEAL AND ERROR (§ 927*)—REVIEW—REFUSAL TO DIRECT VERDICT.

A federal appellate court, on review of the denial of a motion to direct a verdict, cannot determine questions of credibility of witnesses, and must take that view of the evidence most favorable to the party against whom the direction was asked.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

In Error to the District Court of the United States for the Northern District of Ohio; William L. Day, Judge.

Action at law by Harry J. Kurtz against the Lake Shore Electric Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

T. H. Hogsett, of Cleveland, Ohio, for plaintiff in error.

R. B. Newcomb, of Cleveland, Ohio, for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This review involves an alleged error in refusing to direct verdict for defendant. Plaintiff was a conductor on defendant's baggage car, there being also a motorman and a messenger. By reason of an alleged unusual lurching of the car as it passed through an open switch, plaintiff was thrown out of the door at the side of the car, colliding with a pole 15 inches from the car, and so thrown under the car and seriously injured. The negligence complained of is the running of the car at an excessive rate of speed, and not under control, and the nearness of the pole to the track.

[1] The only question is whether there was substantial evidence tending to show defendant negligent; for under both the Norris Act (101 Ohio Laws, 195; Gen. Code Ohio, 6245-1), which counsel seem to agree is applicable, as well as under the Ohio Railroad Act (99 Ohio Laws, p. 25), the negligence of a fellow employé is made that of the employer, and the rule of comparative negligence prevails, subject to limitations whose proper application by the court is not here challenged.

There was substantial evidence tending to show negligence of the motorman. The car regularly stopped at a booth on the switch track. It was necessary for the conductor to be at the rear of the car, to watch and guide the trolley and keep it in contact with the proper wire as the car passed through the switch. He testified that the usual speed of the car in crossing the switch was 5 to 6 miles an hour; that the air was usually applied by the motorman at a distance of 150 to 200 feet before reaching the switch, and that there was always time, after such application of air, for plaintiff to get to the rear platform and look after the trolley; that on the day in question the air was not applied until the car was practically at the switch, or, at the most, only 15 to 20 feet therefrom; and that the car was then running 15 miles an hour. The evidence in the case tended to show negligence in maintaining this speed at the time and place stated.

We are not impressed with the contention that plaintiff was not at his post when the car struck the switch, in that he was sitting near the door in the center of the car, eating his lunch. He was not required to be at all times on the rear platform; and, at the most, this was a question merely of contributory negligence. The latter consideration applies to the contention that plaintiff, as conductor, had the right to control the speed of the car.

[2] The alleged improbability of plaintiff's story was a question of fact for the jury. This court, on review of a denial of motion to direct verdict, cannot determine questions of credibility of witnesses, and must take that view of the evidence most favorable to the party against whom the direction is asked. Big Brushy Coal Co. v. Williams (C. C. A., 6th Cir.) 176 Fed. 529, 532, 99 C. C. A. 102; Erie R. R. Co. v. Weber (C. C. A., 6th Cir.) 207 Fed. 293, 296, 125 C. C. A. 37.

The authorities cited in support of the proposition that plaintiff had no right to have his head out of the door are not in point. Plain-

tiff's claim is that he was thrown out of the door, not that he voluntarily protruded his head or any part of his body therefrom.

There being evidence of negligence on the part of the motorman in the respect stated, it is unnecessary to consider whether the company was negligent with respect to the proximity of the pole.

The judgment should be affirmed, with costs.